# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES CALHOUN-EL, 160083 | * | |
| Plaintiff | * | |
| | * | |
| v | * | Civil Action No. RDB-12-2814 |
| | * | |
| SECRETARY, DPSCS GARY D. MAYNARD, | * | |
| et al. | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM OPINION

Self-represented Plaintiff James Calhoun-El ("Calhoun-El"), an inmate at North Branch Correctional Institution ("NBCI"), brings this action under 42 U.S.C. § 1983. Counsel for Defendants Secretary of the Department of Public Safety and Correctional Services ("DSPCS") Gary D. Maynard, Commissioner J. Michael Stouffer, Warden Bobby Shearin, and Chaplain Kevin Lamp[1] have filed a Motion to Dismiss or, in the Alternative for Summary Judgment (ECF No. 17).[2] The matter is ripe for disposition. This Court now rules pursuant to Local Rule 105.6 (D. Md. 2011), as a hearing is deemed unnecessary. For reasons to follow, Defendants' Motion to Dismiss will be GRANTED.

## BACKGROUND

In ruling on a motion to dismiss, the factual allegations in a plaintiff's complaint must be accepted as true, and those facts must be construed in the light most favorable to the plaintiff. *See Aziz v. Alcolac, Incorporated,* 658 F.3d 388, 390 (4th Cir. 2011); *Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir. 1999). Moreover, a pro se litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support

---

[1] Calhoun-El is suing Gary Maynard, the Secretary of Public Safety and Correctional Services (DPSCS) in his official capacity, and is suing J. Michael Stouffer, Bobby Shearin, and Kevin Lamp in their individual capacities.

[2] Calhoun-El was provided an opportunity to reply (ECF NO. 18) but has not done so.

of his claim that would entitle him to relief. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Calhoun-El claims that that Muslim inmates do not receive "ceremonial food packages… similar or equal to" what inmates who keep a kosher diet are provided. He claims that he has sought to exhaust his administrative remedies but Defendants Stouffer, Shearin, and Lamp "failed to investigate his complaint." (ECF No. 1, ¶ 8). He seeks declaratory and injunctive relief and compensatory and punitive damages of unspecified amount.

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's opinions in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The decision in *Twombly* outlined "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *See Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere

2

conclusory statements, do not suffice" to plead a claim).

Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Id.* at 679. Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 663; *see also Robertson v. Sea Pines Real Estate Companies,* 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or forecast evidence sufficient to prove an element of the claim. It need only allege facts sufficient to state elements of the claim." (internal quotation marks and citation omitted)). In short, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal,* 556 U.S. at 664.

Additionally, a court may take judicial notice of public records, including its own decisions, without converting a motion to dismiss into a motion for summary judgment. *See, e.g.,* Fed.R.Evid. 201; *Tellabs. Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007); *Philips v. Pitt County. Memorial Hospital,* 572 F.3d 176, 180 (4th Cir. 2009).

## DISCUSSION

In *Turner-Bey v. Maynard, et al.,* Civil No. JFM 10-2816 (D. Md. 2012), the Honorable J. Frederick Motz ruled that Maryland inmates who practice Islam are provided a diet which meets halal standards under the ovo-lacto diet available to inmates. Contrary to Calhoun-El's assertions, those who identify themselves as Muslim or Jewish receive the same number and type of ceremonial religious meals. *See id.* Further, Calhoun-El's Administrative Remedy Procedure

3

request ("ARP"), complaining that prison meals did not meet halal standards, was investigated and a reply was given to him on May 18, 2011. Calhoun-El did not appeal that result to the Inmate Grievance Office prior to filing this lawsuit.

## I. RELIGIOUS DIET

In *Turner-Bey*, Judge Motz considered whether Maryland inmates who profess the Muslim faith are entitled to receive meals including meat from ritually slaughtered animals, rather than the prison provided lacto-ovo diet which is designed to meet halal standards. Judge Motz rejected that contention, finding: 1) that the dietary policies of DPSCS do not run afoul of the Religious Land Use and Institutionalized Persons Act (RLUIPA) because the lacto-ovo diet does not constitute a substantial burden on Muslim inmates' exercise of their religion; 2) that the policies do not offend the Free Exercise Clause because the denial of ritually slaughtered meat to both Jewish and Muslim prisoners is directly related to prison security by preventing tension caused by the perception that different groups are treated differently, and is also related to cost, both with regard to the purchase of religiously slaughtered meat and to the cost of refitting food preparation and storage facilities and providing additional staff to keep such foods separate; 3) that the policies do not violate the Establishment Clause; and 4) that the policies do not violate the Equal Protection Clause of the Fourteenth Amendment. (ECF No. 17, Exhibit A, Court Memorandum, at 16 – 23).

While Calhoun-El does not specifically complain about the halal status of meat served in prison, the evidence [3] on which Judge Motz relied in *Turner-Bey* and his conclusions are relevant and dispositive. Specifically, Judge Motz determined that Maryland's lacto-ovo diet meets halal standards for Muslim inmates and providing one ceremonial meal to Jewish and Muslim inmates annually does not offend the Constitution. Accordingly, Calhoun-El has failed to assert a claim

---

[3] *See* ECF No. 17, Defendants' Memorandum at 4, n. 1.

of constitutional violation and this claim will be dismissed.

## II.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § ] 1983 ... or any other Federal law, by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 8485 (2006). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002); *see Jones v. Bock,* 549 U.S. 199, 211 (2007). A prisoner must exhaust administrative remedies "regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001). In Maryland, filing a request for administrative remedy with the warden of the prison is the first of three steps in the Administrative Remedy Process. In order to satisfy the exhaustion requirement, a prisoner must also present his grievance to the Commissioner of Correction and the Executive Director of the Inmate Grievance Office.

Calhoun-El does not dispute that he has failed to present his complaint to all levels required for administrative exhaustion, by filing a grievance with the Inmate Grievance Office. Accordingly, his claims are dismissible on this basis.

## III.    FAILURE TO INVESTIGATE ARP

Calhoun-El's claim that Defendants failed to investigate his ARP complaint concerning a halal diet fails to set forth a constitutional claim.[4] To the extent he seeks to hold Defendants

---

[4] Calhoun-El's claim that his ARP complaint was not investigated is directly refuted by the ARP response filed by Defendants. (ECF No. 17, Exhibit B). The response to the ARP erroneously stated that a halal diet was not offered to inmates at the time – "the error was one of semantics, not fact. The lacto-ovo diet was not listed as a 'religious'

5

liable under 42 U.S.C. § 1983 based upon a prison grievance process, this Court finds no constitutional claim. There is no constitutional right to an administrative remedy or grievance process. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). It therefore stands to reason that no constitutional right is abridged by any alleged errors or defects in such a process. Notably, Calhoun-El neither has alleged nor shown damages or injury from the alleged handling of his grievance. Accordingly, this claim will be dismissed.

## IV. SUPERVISORY LIABILITY

A defendant must have been personally involved in the allegedly unconstitutional action or omission to act to be liable in a §1983 action. *See West v. Atkins*, 815 F.2d 993 (4th Cir. 1987). As earlier noted, no constitutional abridgement has been shown in this case. Further, Calhoun-El, does not allege Secretary Maynard, Commissioner Stouffer, or Chaplain Lamp were personally involved in the alleged denial of halal meals.

A defendant in a § 1983 action may not be held liable based upon the theory of *respondeat superior*.[5] *See Iqbal*, 556 U.S. 662, 676 (2009); *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Love–Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). Instead, supervisory liability is "determined 'by pinpointing the persons in the decision making chain whose deliberate indifference permitted the constitutional abuses to continue unchecked.'" *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (quoting *Slakan v. Porter*, 737 F.2d 368, 372–73 (4th Cir. 1984)). "Supervisory liability under § 1983 must be supported with evidence: 1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff;

---

diet in the DOC's Religious Diet directive because it was available to any inmate who wanted it, not just to Muslims." (ECF No. 17 at 9-10, n. 2).

[5] Respondeat superior is a legal doctrine whereby an employer may be held responsible for its employees.

6

2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and 3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw*, 13 F.3d at 799. This case does not satisfy the standard for assigning supervisory liability; consequently, the claims against these Defendants will be dismissed.[6]

## CONCLUSION

For these reasons, Defendants' Motion to Dismiss (ECF No. 17) is GRANTED.[7] A separate Order follows.

June 24, 2013
Date

Richard D. Bennett
United States District Judge

---

[6] Although not the basis for this Court's ruling, Defendants Shearin and Lamp have each submitted declarations attesting that they exercise no control over the provision of meals to inmates. (ECF No. Exhibits D and E).

[7] In light of these findings, the Court need not reach Defendants' defenses of sovereign or qualified immunity.